ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2008 MAR 13 PM 2: 19

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RUFUS J. DICKERSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 308-004 |
| | ) | |
| FRED BURNETTE, Warden, Telfair State Prison; JAMES E. DONALD, Commissioner, Georgia Department of Corrections; JOHNNY SIKES, Regional Director Georgia Department of Corrections; SAM ZANDERS, Captain, Telfair State Prison; BARBARA GRANT, Lieutenant, Telfair State Prison; FARRIS, Warden, of Administration, Telfair State Prison; PAT ETHREDGE, Warden of Care and Treatment, Telfair State Prison; LIFT, Doctor, Telfair State Prison; KIRKLAND, Law Librarian, Telfair State Prison; TIM SPIRES, Deputy Warden of Security, Telfair State Prison; and MCGREGORY, Mailroom Clerk, Telfair State Prison, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Rufus J. Dickerson, Jr., an inmate incarcerated at Telfair State Prison ("TSP") in Helena, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983, and he seeks to proceed *in forma pauperis* ("IFP"). After a review of Plaintiff's history of case filings and his complaint in this case, the Court, for the reasons set forth below, **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be

**DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice.

I. **BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[1]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998).

II. **DISCUSSION**

A. **Prior Filing History**

A review of Plaintiff's history of filings reveals that he has brought at least three cases or appeals that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. See Dickerson v. Gwinnet County Det. Ctr., Civil Case

---

[1] The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998)(internal citations omitted).

No. 198-658 (N.D. Ga. June 25, 1998);[2] Dickerson v. Burnette, Civil Case No. 06-13898-G (11th Cir. Sept. 26, 2006) (finding appeal was frivolous); and Dickerson v. Donald, Civil Case No. 07-11279-I (11th Cir. July 9, 2007) (finding appeal was frivolous).

Therefore, these previously dismissed cases or appeals qualify as strikes under § 1915(g). As Plaintiff has three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

**B.    No Allegation of "Imminent Danger"**

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Plaintiff's complaint does not support a finding of "imminent danger" at the time of filing this lawsuit in January, 2008. In his complaint Plaintiff raises several issues. First, Plaintiff asserts that he has a constitutional right to wear his Kufi during inspections. (Doc. no.1, p. 8). Plaintiff's complaint arises from being directed by Defendants Zanders and Burnette to remove his Kufi during an inspection conducted on January 9, 2006. (Id.). It is unclear, but it appears Plaintiff was placed in segregation for

---

[2]Of note, Plaintiff had three other simultaneously filed cases that were similarly dismissed for failure to obey a lawful order of the court. Dickerson v. Gwinnett County Det. Ctr., CV 198-659 (N.D. Ga. June 25, 1998); Dickerson v. Stewart, CV 198-660 (N.D. Ga. June 25, 1998); and Dickerson v. Fox, CV 198-661 (N.D. Ga. June 25, 1998). As recently explained in an unpublished Eleventh Circuit opinion, dismissal based on an abuse of the judicial process may be properly considered a strike even if the dismissal fails to state expressly that the claim was frivolous or malicious. Allen v. Clark, Civil Case No. 06-16406 (11th Cir. Jan. 29, 2008) (finding dismissal for failure to prosecute is a strike for purposes of section 19915(g)). Thus, these three cases may also properly be considered strikes.

3

failing to comply with the directive to remove the Kufi during inspections. (Id. at 9).

Next, Plaintiff contends that while he was in segregation in April, 2006, Defendants Zanders and McGregory refused to issue him subscriptions to newspapers and magazines. (Id.). Moreover, Plaintiff alleges that Defendant Kirkland deliberately denied Plaintiff's requested legal material for pending civil actions. (Id.). Plaintiff also claims that in 2006, Defendants Burnette, Spires, Zanders, and McGregory "continued to hold privilege[d] mail, and subscription of U.S. Today news paper for 1 month," as retaliation.[3] (Id. at 11).

Plaintiff also expresses his dissatisfaction with the grievance procedure at TSP; he complains that in 2006 and 2007 Defendant Ethredge deliberately delayed responding to grievances. (Id. at 10). In connection with the grievance issue, Plaintiff also alleges that he was denied access to the courts because of the exhaustion requirement. It appears that Plaintiff is arguing that because Defendant Ethredge delayed responding to Plaintiff's grievance, he (Plaintiff) was unable to comply with the exhaustion requirement of the PLRA and thus was denied access to the courts.

Finally, Plaintiff alleges that in 2006 Defendant Lift continually denied Plaintiff his medically "prescribed diet of laxtose." (Id. at 12). The lack of his medically prescribed diet allegedly caused Plaintiff bleeding hemorrhoids, swelling, and nausea for over seven months until Plaintiff was transferred to a facility with a "laxtose diet." (Id.).

None of Plaintiff's claims fall within the imminent danger exception. Although Plaintiff's claim concerning an alleged failure to receive his medically prescribed diet is

---

[3]Plaintiff does not explain for what Defendants were allegedly retaliating against him, other than to say, "Defendants had no justification for there [sic] actions." (Doc. no. 1, p. 11).

4

troubling, it does not rise to the level of imminent danger at the time of the filing of the instant complaint because the issue arose in 2006 and Plaintiff was transferred to a facility that provided him with the appropriate diet. Notably, he does not claim that he is currently denied his "laxtose diet." Thus, he was not in imminent danger at the time he filed the above-captioned case on January 9, 2008.

C.  **Dishonesty in Complaint**

Moreover, the "Form to Be Used by Prisoners Filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983 in the United States District Court for the Southern District of Georgia" requires that prisoner plaintiffs disclose whether they have brought other federal lawsuits while incarcerated, whether they were allowed to proceed IFP in any such lawsuits, and whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Doc. no. 1, pp. 2-3). Under the question concerning whether a prisoner plaintiff has brought any lawsuits in federal court dealing with facts other than those in this action, Plaintiff declared, under penalty of perjury, that he has brought only six other lawsuits in federal court while incarcerated. (Id. at 1, 3-5). Plaintiff also declared that he has only had two other federal lawsuit dismissed as frivolous, malicious, or for failure to state a claim.[4] (Id. at 3).

---

[4] As cases dismissed as frivolous, malicious, or failed to state a claim, Plaintiff listed the following: Dickerson v. Burnette, CV 306-011, doc. no. 12 (S.D. Ga. June 30, 2006) (dismissed for failure to exhaust administrative remedies); appeal dismissed as frivolous Dickerson v. Burnette, Civil Case No. 06-13898-G (11th Cir. Nov. 29, 2006); and Dickerson v. Hambrick, Civil Case No. 406-013, doc. no. 37 (N.D. Ga. Dec. 20, 2007) (dismissed under the doctrine of claim preclusion and dismissed for failure to state a claim upon which relief can be granted). Of note, Dickerson, Civil Case No. 406-013 is now pending on appeal in the Eleventh Circuit. Dickerson v. Hambrick, Civil Case No. 08-10342G (11th Cir. Jan. 17, 2008).

5

Of course, as noted above, Plaintiff has indeed filed other cases that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, Dickerson, Civil Case No. 198-658, Dickerson, Civil Case No. 06-13898-G, and Dickerson, Civil Case No. 07-11279-I. Simply put, Plaintiff's answers to these questions regarding his prior history of filings are improper. Not only did he fail to disclose all of his previous federal cases, but he lied, under penalty of perjury, about filing lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim.

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731 (citations omitted).[5]

---

[5] The court in Parker thoughtfully ruled as follows:

> The sophistication of [p]laintiff's substantive arguments and his knowledge of the procedural rules convince this Court that [p]laintiff understands the severity of not revealing the truth to the Court. This Court has the authority to control and manage matters such as this pending before it. This Court firmly believes that [p]laintiff must be forced to conform to acceptable standards in approaching this Court.
>
> This Court will not tolerate false responses and/or statements in any pleading or motion filed for consideration by the Court. If the Court cannot rely on the statements and/or responses made, it threatens the quality of justice. Here [p]laintiff has falsely responded [by denying the existence of

6

In sum, Plaintiff cannot satisfy the dictates of the "imminent danger" exception of § 1915(g), and thus, he fails to demonstrate that he should be excused from paying the full filing fee. Furthermore, even if the Court were to allow Plaintiff to proceed IFP, the above-captioned case would still be subject to a recommendation of dismissal as a sanction because Plaintiff has abused the judicial process by providing dishonest information about his filing history.

### III. CONCLUSION

Based on the foregoing, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP (doc. no.2) be **DENIED** and that this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this action, he must submit a new complaint, along with the full filling fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED and RECOMMENDED this 13th day of March, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

prior lawsuits] to Question (B) in Section IV, entitled "Previous Lawsuits."

> Therefore, this Court is of the opinion that an appropriate sanction is to dismiss this case <u>without prejudice</u> and warn [p]laintiff that such false responses, filed herein or filed in the future, will not be tolerated and may result in more severe and long-term sanctions in the future. For now, this case will be dismissed for [p]laintiff's abuse of the judicial process in not providing the Court with true factual statements and/or responses that can be relied on to bring his case to an expeditious closure.

Rivera v. Parker, Case No. 96-325-Civ-J-10, doc. no. 4 (M.D. Fla. May 2, 1996).